

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,841-03

### EX PARTE DEONTA LAMONT YOUNG, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13-53974-J (B) IN THE CRIMINAL DISTRICT COURT NO. 3
### FROM DALLAS COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with intent to deliver a controlled substance, and was sentenced to five years' imprisonment.

Applicant contends that he is being improperly held after his sentence should have discharged. The trial court recommends dismissing this application on the basis that Applicant's sentence has discharged. However, a call to the Texas Department of Justice suggests that Applicant's sentence in this case has not been discharged. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex*

*parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation warrants. If Applicant is currently being held pursuant to a pre-revocation warrant, the affidavit shall state whether a revocation hearing has been requested or conducted. If a revocation hearing has been conducted, the affidavit shall state whether or not Applicant's parole has been revoked. If Applicant's parole has been revoked, the affidavit shall state the new discharge date for this sentence. If no revocation hearing has been conducted, the affidavit shall state the basis upon which Applicant is currently being held.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is being held pursuant to a pre-revocation warrant, and if not, whether Applicant's parole has been revoked in this case or whether his sentence was allowed to discharge. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 24, 2018
Do not publish